UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

| | |
|---|---|
| DORTHY FRANCES RIPLEY, | **REPORT AND RECOMMENDATION** |
| Plaintiff, | |
| v. | 18-CV-00941-LJV-JJM |
| CITY OF OLEAN, NEW YORK,<br>    Mayor: William Aiello, | |
| Defendant. | |

_____

Plaintiff commenced this action, *pro se*, alleging a violation of the Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA"), 42 U.S.C. §2000cc, *et seq.* Complaint [1].[1] Her Complaint centers on her desire to have an Amish roofer replace her roof, and the defendant City of Olean's requirement that contractors performing that work within the City be insured, a requirement which the Amish roofer is unable to satisfy because of his religion. Before the court is defendant's motion to dismiss the Complaint pursuant to Fed. R. Civ. P. ("Rule") 12(b)(6) [3], which has been referred to me by District Judge Lawrence J. Vilardo for initial consideration [4]. Having reviewed the parties' submissions [3, 6, 8], I recommend that the motion be granted.

## BACKGROUND

The Complaint alleges that on April 17, 2018, the roof of plaintiff's home, located in the City, was damaged by high winds. Complaint [1], ¶¶5, 6. Plaintiff contacted Emmanuel

---

[1] Bracketed references are to the CM/ECF docket entries, and page references are to numbers reflected on the documents themselves rather than to CM/ECF pagination.

Roffer, a local Amish roofer, who quoted her a price of $12,000 to replace her roof, which was $3,000 less than the next lowest estimate she received for the work. Id., ¶¶7, 8, 17. However, Mr. Roffer informed her that he could not perform the work because he did not have the insurance required by the City, which his religion prohibited him from purchasing. Id., ¶8. Plaintiff then contacted Ed Jennings, the City's Code Enforcement Officer, and William Aiello, the City's Mayor, both of whom informed her that Mr. Roffer needed insurance to work in the City. Id., ¶¶9, 10. In an effort to meet that requirement, plaintiff attempted to buy the necessary insurance herself, but was advised by her insurance agent that it could not be purchased by a private individual. Id., ¶¶11, 12.

Plaintiff alleges that the City is "violating the religious customs of Emmanuel Roffer, whose Amish beliefs . . . . forbid[ ] him to buy insurance of any kind, or to obtain government-issued permits or licenses". Id., ¶14. She contends that the denial of "the benefit of having Amish laborers replace the roof on her home . . . is a violation of her land use rights", and seeks unspecified monetary damages. Id., ¶15, Wherefore clause.

**DISCUSSION**

The City moves to dismiss plaintiff's Complaint on two grounds: first, that the Complaint fails to plead a RLUIPA claim (City's Memorandum of Law [3-2], pp. 4-6), and second, that plaintiff lacks "[s]tatutory standing" to pursue her claim. Id., pp. 6-8. Ordinarily courts resolve questions of standing, which go to a court's subject matter jurisdiction, before proceeding to the merits of a claim. See Even Street Productions, Ltd. v. Shkat Arrow Hafer & Weber, LLP, 643 F. Supp. 2d 317, 323 (S.D.N.Y. 2008). However, "statutory standing", the issue the City raises, "is not a standing issue, but simply a question of whether the particular plaintiff has a cause of action

under the statute. . . . This inquiry does not belong to the family of standing inquiries . . . because the absence of a valid cause of action does not implicate subject-matter jurisdiction". American Psychiatric Association v. Anthem Health Plans, Inc., 821 F.3d 352, 359 (2d Cir. 2016); Advanced Video Technologies, LLC v. HTC Corp., 103 F.Supp.3d 409, 418 (S.D.N.Y. 2015) ("statutory standing is not really 'standing' at all"); Zink v. First Niagara Bank, N.A., 206 F. Supp. 3d 810, 815 n. 4 (W.D.N.Y. 2016). The City appears to recognize this distinction by moving for dismissal pursuant to Rule 12(b)(6), and not for lack of subject matter jurisdiction pursuant to Rule 12(b)(1).[2] Therefore, I have only addressed whether the Complaint states a cause of action.

**A.      Dismissal Standard**

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. . . . A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully . . . . Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." Id. "When, as here, the complaint is filed by a *pro se*

---

[2]    In arguing that plaintiff lacks statutory standing, the City contends that she fails to allege an "injury in fact", since "[s]he is merely requesting that the practice of requiring insurance be stopped in order to protect the Amish Community, for which she is not a part of". City's Memorandum of Law [3-2], p. 6. Even if that argument was directed at plaintiff's Article III standing, "[t]here is no requirement that a plaintiff be engaged in religious exercise to bring a RLUIPA claim". Andon, LLC v. City of Newport News, Virginia, 63 F. Supp. 3d 630, 636 (E.D. Va. 2014), aff'd, 813 F.3d 510 (4th Cir. 2016). *See also* Dixon v. Town of Coats, 2010 WL 2347506, *5 (E.D.N.C. 2010) ("there is hardly a wholesale ban on private landowners asserting substantial burden claims under RLUIPA").

plaintiff, we construe the complaint liberally, interpreting it to raise the strongest arguments that it suggests." Caro v. Weintraub, 618 F.3d 94, 97 (2d Cir. 2010).

**B.   Does the Complaint Plead a Cause of Action Under RLUIPA?**

Plaintiff seeks relief under 42 U.S.C. §2000cc (Complaint [1], ¶4), which prohibits a governmental entity from applying "a land use regulation in a manner that imposes a substantial burden on the religious exercise of a person . . . unless the government demonstrates that imposition of the burden . . . is in furtherance of a compelling governmental interest; and . . . is the least restrictive means of furthering that compelling governmental interest." 42 U.S.C. §2000cc(a)(1). "Religious exercise" is defined to include "[t]he use, building, or conversion of real property for the purpose of religious exercise". 42 U.S.C. §2000cc-5(7)(B).

"In passing RLUIPA, Congress recognized that places of assembly are needed to facilitate religious practice, as well as the possibility that local governments may use zoning regulations to prevent religious groups from using land for such purposes." Midrash Sephardi, Inc. v. Town of Surfside, 366 F.3d 1214, 1226 (11th Cir. 2004).  Hence, "RLUIPA . . . does not protect buildings or structures *per se,* but rather protects 'the use, building or conversion of real property *for the purpose of religious exercise*.'" Westchester Day School v. Village of Mamaroneck, 417 F. Supp. 2d 477, 543–44 (S.D.N.Y. 2006), aff'd, 504 F.3d 338 (2d Cir. 2007) (*quoting* 42 U.S.C. §2000cc–5(7)(B)) (emphasis in original). *See also* Dixon, 2010 WL 2347506, *5 ("'religious *use* of land is the core concept protected by' the substantial burden provision of RLUIPA" (emphasis in original)). Thus, RLUIPA requires an examination into "whether the facilities . . . [are] to be devoted to a religious purpose." Westchester Day School v. Village of Mamaroneck, 386 F.3d 183, 189 (2d Cir. 2004).  As the City argues, the Complaint "fails to state that [plaintiff's] property is

used for religious exercise". City's Memorandum of Law [3-2], p. 5. For that reason, the Complaint fails to state of a cause of action under RLUIPA.

Although not alleged in the Complaint, plaintiff argues in response to the motion that since "[t]he Amish perform the work they do believing that it is for the greater glory of God", she "chose . . . to use her property to support those beliefs and saw the payment for the work as a tithe unto the Lord". Plaintiff's Opposition [6], ¶8. However, even if that were pled and was sufficient to establish a religious use of the land, as the City argues, the Complaint also fails to allege any "land use or zoning ordinance that restricts [her] directly from using her property as she sees fit". City's Memorandum of Law [3-2], p. 6. RLUIPA defines the term "land use regulation" as "a zoning or landmarking law, or the application of such a law, that limits or restricts a claimant's use or development of land (including a structure affixed to land)". 42 U.S.C. §2000cc-5(5). The alleged requirement the City has for roofers to be insured falls outside of a landmarking law, which "generally involve[s] the 'regulat[ion] and restrict[ion of] certain areas as national historic landmarks, special historic sites, places and buildings for the purpose of conservation, protection, enhancement and perpetuation of these places of natural heritage.'" Faith Temple Church v. Town of Brighton, 405 F. Supp. 2d 250, 254 (W.D.N.Y. 2005). Nor does it constitute a zoning law, which in New York encompasses the powers of a city to, *inter alia*, "regulate and limit the height, bulk and location of buildings", as well as "the location of trades and industries and the location of buildings, designed for specified uses". New York General City Law §§20(24), (25). *See* Faith Temple Church, 405 F. Supp. 2d at 254. In any event, even if the requirement that roofers working in the City be insured could be considered a landmarking or zoning law, that requirement only restricts who can perform the work, not the use or development of the property.

Therefore, I recommend that the Complaint be dismissed for failure to state a cause of action.

## C.     Should Plaintiff be Given an Opportunity to Amend the Complaint?

Although "[i]t is the usual practice upon granting a motion to dismiss to allow leave to replead. . . . where a plaintiff is unable to allege any fact sufficient to support its claim, a complaint should be dismissed with prejudice". Cortec Industries, Inc. v. Sum Holding L.P., 949 F.2d 42, 48 (2d Cir. 1991); Branum v. Clark, 927 F.2d 698, 705 (2d Cir. 1991) ("the court should not dismiss without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated"); Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000) (an opportunity to amend is not required where "[t]he problem with [the] causes of action is substantive; better pleading will not cure it"). Since the facts alleged demonstrate that the problem with plaintiff's RLUIPA claim is substantive and cannot be cured by amendment, I recommend that the Complaint be dismissed without leave to replead.

## CONCLUSION

For these reasons, I recommend that the City's motion to dismiss [3] be granted, and that the Complaint be dismissed with prejudice.  Unless otherwise ordered by Judge Vilardo, any objections to this Report and Recommendation must be filed with the clerk of this court by January 31, 2019.

Any requests for extension of this deadline must be made to Judge Vilardo.  A party who "fails to object timely . . . waives any right to further judicial review of [this] decision". Wesolek v. Canadair Ltd., 838 F. 2d 55, 58 (2d Cir. 1988); Thomas v. Arn, 474 U.S. 140, 155 (1985). Moreover, the district judge will ordinarily refuse to consider *de novo* arguments, case law

and/or evidentiary material which could have been, but were not, presented to the magistrate judge in the first instance. Patterson-Leitch Co. v. Massachusetts Municipal Wholesale Electric Co., 840 F. 2d 985, 990-91 (1st Cir. 1988).

The parties are reminded that, pursuant to Rule 72(b) and (c) of this Court's Local Rules of Civil Procedure, written objections shall "specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for each objection . . . supported by legal authority", and must include "a written statement either certifying that the objections do not raise new legal/factual arguments, or identifying the new arguments and explaining why they were not raised to the Magistrate Judge".  Failure to comply with these provisions may result in the district judge's refusal to consider the objections.

Dated: January 14, 2019

       /s/ Jeremiah J. McCarthy
      JEREMIAH J. MCCARTHY
      United States Magistrate Judge